UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In re:

THOMAS A STERLING                                Chapter 7
                                                     Case No 10-76253
       Debtor                                Hon Walter Shapero

_____

BECTON, DICKINSON
AND COMPANY, a New
Jersey corporation

       Plaintiff

v                                                              Adversary No. 10-

THOMAS A STERLING

       Defendant

_____

## COMPLAINT

Plaintiff Becton, Dickinson and Company states:

1. This is an adversary proceeding commenced by Becton, Dickinson and Company ("plaintiff") under Fed. R. Bankr. P. 7001(6) and 11 U.S.C. §523 to determine the indebtedness which Thomas A Sterling ("defendant") owes to plaintiff, and to determine that the indebtedness is excepted from discharge.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and 28 U.S.C. §157(b)(2)(J).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

5. On December 1, 2010 defendant filed for relief under Chapter 7 of the Bankruptcy Code.

## FACTS

6. Defendant owes a debt to plaintiff in the amount of $54,540.85 due to overpayment of wages.

7. Specifically, defendant was hired by plaintiff as a Production Supervisor in September

2008, with a beginning base salary of $60,000.00 plus 1½ times his hourly rate for any hours that he worked over 40 hours per week.

8. Beginning in November 2008, defendant mistakenly began receiving 3 times his hourly rate for his overtime hours worked instead of 1½ times his hourly rate for his overtime hours worked. Defendant continually accepted the erroneous overpayment of wages without notifying plaintiff of the mistake.

9. Notwithstanding that defendant was aware that he was receiving overpayments of his wages, he continued to maintain his silence until October 2010, when plaintiff discovered the payroll error.

10. When confronted by plaintiff, defendant acknowledged that he knew he was not entitled to the overpayments, but that he took them and kept them because he was going through a divorce and needed the money for child support and an apartment.

11. Defendant's employment was terminated in October 2010; the total amount of the overpayment for the period of time September 2008 through October 2010 was $54,540.85.

**COUNT I**

**EXCEPTION TO DISCHARGE OF DEBT OWED TO PLAINTIFF - 11 USC § 523(a)(2)(A)**

12. Plaintiff incorporates the allegations contained in paragraphs 1 through 11 of the complaint.

13. Under 11 USC § 523(a)(2)(A), a discharge under section 727 of the bankruptcy code does not discharge a debtor from any debt money obtained by false pretenses, false representation and/or actual fraud.

14. The acts of the defendant in accepting the overpayments, payments to which he knew he was not entitled, and remaining silent for two (2) years, constitutes false pretenses, false representation and actual fraud, rendering the debt owed by defendant to plaintiff for repayment non-dischargable.

WHEREFORE, plaintiff requests that the court enter judgment in its favor and against defendant determining that the indebtedness owed by defendant to plaintiff is non-dischargeable under 11 USC § 523(a)(2)(A), award plaintiff its costs, interest and attorney fees as well as such other relief that the court deems appropriate.

## COUNT II

## EXCEPTION TO DISCHARGE OF DEBT OWED TO PLAINTIFF - 11 USC § 523(a)(4)

15. Plaintiff incorporates the allegations contained in paragraphs 1 through 14 of the complaint.

16. Under 11 USC § 523(a)(4), a discharge under section 727 of the bankruptcy code does not discharge a debtor from any debt money obtained by fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny.

17. By cashing erroneous paychecks and accepting funds to which defendant knew he was not entitled, defendant obtained the funds by fraud.

18. Moreover, he misappropriated funds to which he knew he was not entitled.

19. Defendant's acceptance of the funds and his silence about the mistake renders the debt owed by him to plaintiff for reimbursement of the funds non-dischargable under 11 USC § 523(a)(4).

WHEREFORE, plaintiff requests that the court enter judgment in its favor and against defendant determining that the indebtedness owed by defendant to plaintiff is non-dischargeable under 11 USC § 523(a)(4), award plaintiff its costs, interest and attorney fees as well as such other relief that the court deems appropriate.

## COUNT III

## UNJUST ENRICHMENT

20. Plaintiff incorporates the allegations contained in paragraphs 1 through 19 of the complaint.

21. Plaintiff overpaid defendant by mistakenly paying the sum of $54,540.85 between

September 2008 and October 2010.

22. Defendant accepted the payroll checks with the overpayments despite his knowledge that the overpayments were in error and that he was not entitled to them.

23. When contacted by plaintiff about the overpayments, defendant refused to repay plaintiff the full amount of the overpayments, or any portion of them. To date, defendant has not repaid any portion of the overpayments.

24. Defendant has received a benefit from plaintiff, the retention of which by defendant will result in an inequity.

25. As a result, defendant has been unjustly enriched at the expense of plaintiff in the amount of $54,540.85.

WHEREFORE, plaintiff requests judgment against defendant in the amount of $54,540.85, plus costs, interest, attorney fees and such other and further relief that the court deems appropriate.

## COUNT IV

## CONVERSION

26. Plaintiff incorporates the allegations contained in paragraphs 1 through 25 of the complaint.

27. During his employment with plaintiff, defendant was overpaid as set forth above.

28. Plaintiff has repeatedly requested that defendant reimburse plaintiff for the amount of the overpayment.

29. Defendant has unlawfully refused to reimburse plaintiff for the amount of the overpayment, and has wrongfully retained and converted plaintiff's $54,540.85 to his (defendant's) own use.

30. By knowingly converting plaintiff's $54,540.85 to his own use, defendant has violated Michigan common law.

31. By knowingly converting plaintiff's $54,540.85 to his own use, defendant has also violated MCLA 600.2919a, thus entitling plaintiff to treble damages.

32. As a result, defendant has unlawfully converted monies owned by plaintiff in the amount of $54,540.85.

WHEREFORE, plaintiff requests judgment against defendant in the amount of $163,622,55, plus costs, interest, attorney fees and such other and further relief that the court deems appropriate.

## COUNT V

## BREACH OF DUTY OF LOYALTY

33. Plaintiff incorporates the allegations contained in paragraphs 1 through 32 of the complaint.

34. As an employee of plaintiff, defendant owed a strict duty of loyalty and good faith to plaintiff, which forbade him from taking any actions contrary to the best interests of plaintiff or engaging in any activities during the course of his employment for his own benefit.

35. Defendant breached his duty of loyalty to plaintiff by wrongfully and knowingly withholding from plaintiff the overpayments described above and instead keeping them for his own benefit.

36. Defendant's breach of his duty of loyalty to plaintiff caused plaintiff to incur substantial damages in the amount of $54,540.85.

WHEREFORE, plaintiff requests judgment against defendant in the amount of $54,540.85, plus costs, interest, attorney fees and such other and further relief that the court deems appropriate.

## RELIEF REQUESTED

Based on the foregoing, plaintiff requests:

a. the relief requested in each separate Count as set forth above;

b. all costs and attorney fees as allowed by law;

c. statutory interest at the highest rate allowed by law on all sums awarded from the date of judgment until paid; and

d. such other and further relief as the court deems appropriate.

Dated: January 5, 2011

/s/ Ronald S Siegel  
Ronald S Siegel (P34082)  
RONALD S SIEGEL, PC  
30150 Telegraph Rd Ste 444  
Bingham Farms MI 48025  
248.646.4600  
ron@siegelpc.com